**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ADAM DUANE WADDLE,**<br><br>**Defendant.** | **Case No. 26-CR-032-JFH** |

## OPINION AND ORDER

Before the Court is Defendant Adam Duane Waddle's Motion to Dismiss Count One ("Motion"). Dkt. No. 37. The United States of America ("Government") opposes the Motion. Dkt. No. 38. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

On March 10, 2026, a federal grandy jury indicted Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8) ("Count One") and for possession of an unregistered firearm in violation of 26 U.S.C. §§ 5845, 5861(d), 5871 ("Count Two"). Dkt. No. 2. Defendant moves to dismiss his felon in possession charge. Dkt. No. 38.

## AUTHORITY AND ANALYSIS

Defendant moves for dismissal of Count One, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as-applied. Dkt. No. 37. However, in 2009, the Tenth Circuit held that § 922(g)(1)—which prohibits individuals with felony convictions from possessing firearms—is a constitutional restriction on a convicted felon's Second Amendment rights. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Over a decade later, in 2022, the United States Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, which concluded that the Second Amendment prohibits a state from requiring gun owners to demonstrate a special

need to obtain a concealed carry license to carry a firearm in public. 597 U.S. 1, 70-71 (2022). In doing so, the Supreme Court set out a two-step test for determining whether legislation regulating the use or possession of firearms violates the Second Amendment. First, a court considering such a challenge must determine whether the Second Amendment's "plain text covers an individual's conduct." *Id.* at 24. If so, "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

Then, in 2024, the Supreme Court applied that test in *United States v. Rahimi* to § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. 602 U.S. 680 (2024). The Court ultimately concluded that restriction passed constitutional muster. *Id.* at 702. In doing so, the Court recognized that it had "never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, [the Court's] opinion [in *Heller*] stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.' " *Id.* at 699, 144 S.Ct. 1889 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

Most recently, in 2025, the Tenth Circuit in *Vincent v. Bondi* explained that these two Supreme Court cases did not abrogate *McCane*'s prior holding that § 922(g)(1) is a constitutional restriction on a convicted felon's Second Amendment rights. 127 F.4th 1263, 1266 (10th Cir. 2025), *cert. denied*, 146 S.Ct. 1768 (2026). *McCane*'s holding thus remains binding on this Court. Accordingly, Defendant's attacks on the constitutionality of § 922(g)(1) are foreclosed by *McCane* and *Vincent v. Bondi*.

Finally, "[a]n indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the

defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). The elements of 18 U.S.C. § 922(g), are: (1) Defendant knowingly possessed a firearm; (2) Defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; (3) at the time Defendant possessed the firearm, he knew he had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year; and (4) before Defendant possessed the firearm, the firearm had moved at some time from one state to another. *See* Tenth Circuit Pattern Jury Instruction 2.44.

The Court finds that the Indictment has sufficiently pled all of these elements. The Court further finds that the Indictment puts Defendant on fair notice of the charges against which he must defend and enables Defendant to assert a double jeopardy defense. Accordingly, Defendant's Motion is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Dkt. No. 37] is DENIED.

Dated this 4th day of November, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE